# Supreme Court of Texas

No. 22-0044

City of Grapevine,

*Petitioner*,

v.

Ludmilla B. Muns, Richard Mueller, Kari Perkins,
Kevin Perkins, Pamela Holt, and A-1 Commercial
and Residential Services, Inc.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Second District of Texas

JUSTICE YOUNG, joined by Justice Blacklock, concurring in the denial of the petition for review.

One of the questions presented in this petition is of increasing and demonstrable importance: the extent to which municipal bans on short-term rentals pass constitutional muster. Due in large part to online marketplaces like Airbnb and Vrbo, large cities and small towns alike now host many of their visitors not inside traditional lodging quarters (like hotels and motels) but instead inside the homes of their residents. Evidently, the City of Grapevine, Texas, is no exception. Its short-term

rental market has recently "exploded," according to the court of appeals. Like many other municipalities, however, the City has sought to outlaw the market entirely. Citing an increase in complaints about noise, traffic, and crime, the City passed an ordinance in 2018 prohibiting "single-family dwelling transient rentals," which it defined as "the rental or offer for rental of any dwelling or any portion of a dwelling for a period of less than 30 days." Grapevine, Tex., Code of Ordinances, ch. 14, art. VI, §§ 14-150, -151.

The respondents in this case are homeowners in the City who rent out their properties to others on a short-term basis (*i.e.*, less than thirty days). They collectively allege that the 2018 ordinance violates their rights under the Takings and Due Course of Law Clauses of the Texas Constitution. In their suit against the City, the homeowners seek to vindicate what they have described as a "natural," "inherent," and "inalienable" right: the right to lease their private property to others. And they won—both at the trial court and on appeal. Nevertheless, in their response to the City's petition for review, the homeowners welcome—if not encourage—us to grant the City's petition. Short-term residential leasing is now ubiquitous, they say, and because municipalities across the State have begun prohibiting it, this Court needs to weigh in on the heady constitutional questions at stake.

The homeowners' and City's shared belief in the importance of these questions is buttressed by the obvious interest of the several amici who have already filed briefs and letters at this stage. Amicus Texas Public Policy Foundation, for example, submits that "courts have seen a flurry of litigation regarding short-term rentals" and that the City's

2

decision to prohibit them implicates "property rights across Texas." On the other side of the ledger, amicus Texas Municipal League states plainly that "the issue before this Court is of great significance to Texas cities," and the brief filed by amicus Texas Neighborhood Coalition, which speaks to its mission and its "swell" of supporters across the State, also indicates the importance of this issue.

While the amici and parties have differing views on the merits, of course, they all agree that the constitutional questions this case presents meet our jurisdiction. *See* Tex. Gov't Code § 22.001(a) (granting this Court jurisdiction over questions of law "important to the jurisprudence of the state"). Based on the helpful briefing they have all submitted, I tend to agree. I nevertheless concur in the denial of the petition for review. Given the importance of the issue, the unusual feature of a respondent inviting the Court to reconsider its win in the lower court, and the broad participation of amici, I write separately to address why I, at least, regard the denial of today's petition as proper. It expresses no comment by the Court on the merits of any issue nor suggests that the Court will not take up the principal constitutional issue in a future case.

Bound up in this appeal are complex anterior questions of administrative exhaustion and enforcement. The case has the added complication that there are two municipal ordinances at issue, only one of which the homeowners directly challenged, but both of which we would have to interpret. Had the City prevailed as to either ordinance (or the other issues), the homeowners would lack recourse. The City, however, can adopt new regulatory measures if it deems it necessary to do so.

This case, therefore, starts out as a less-than-ideal vehicle for

resolving the constitutional issues that are presented. But I think there is even more, because it may also be premature for us to render a final decision that binds all our cities, the legislature, and the lower courts. Given the seeming prevalence of short-term rental bans, and of the opposition against them, I am confident that other cases—unburdened by potentially dispositive collateral questions—will lead to a better vehicle for this Court to address the bans' constitutionality.

Waiting for such a case may provide more time for other lower courts to opine on the issue, for one thing. *See, e.g.*, *Zaatari v. City of Austin*, 615 S.W.3d 172 (Tex. App.—Austin 2019, pet. denied). It may also allow advocates and scholars to more fully develop the original—and perhaps distinct—meaning of the Takings and Due Course of Law Clauses of the Texas Constitution, which play such a key role in the parties' arguments here. *See City of Baytown v. Schrock*, 645 S.W.3d 174, 183 (Tex. 2022) (Young, J., concurring) (emphasizing the textual and historical differences between the Texas and federal Takings Clauses); *Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 665 (Tex. 2022) (Young, J., concurring) (noting that "[f]uture cases will require us to" consider "what the due-course clause meant in 1876 and whether there is any good reason for it to mean anything different today").

Until then, we cannot be confident that our review will allow us to offer meaningful and reliable guidance to the many stakeholders who hold fervent positions on the legality of and wisdom behind short-term rental bans. For now, therefore, I take no position on whether the homeowners have asserted viable constitutional claims against the City or whether the anterior issues I noted above would have ultimately

precluded the Court from reaching them had we granted review.

Part of the chief appeal of the parties' joint request that we take this case is that the issue is prevalent and important. I believe them. If that premise is right, then plenty of cases will come. If they do not, then today's perceived importance and urgency will have turned out to be illusory. Either way, our State will be better served by a measure of patience from this Court, as frustrating as it may be to us and, even more, to the parties to this case. I accordingly concur in the denial of the petition for review.

Evan A. Young
Justice

**OPINION FILED:** June 16, 2023